OPINION OF THE COURT
Michael H. Feinberg, S.
*234 This is a proceeding seeking to probate decedent’s last will and testament dated August 24, 1991.
Allen Joseph Gormely, Jr., an incarcerated individual, who was represented by private counsel at the time, filed objections to the will.
A person under a disability pursuant to SCPA 103 (40) is defined as a person who is “an infant ... an incompetent . . . an incapacitated person . . . unknown or whose whereabouts are unknown or . . . confined as a prisoner who fails to appear under circumstances which the court finds are due to confinement in a penal institution.” (Emphasis added.)
Upon determination of the fact that Allen Gormely, Jr. was confined as a prisoner and therefore a person under disability as defined in SCPA 103 (40) (e) (Estate of Dickman, NYLJ, June 20, 1997, at 36, col 4), the court pursuant to SCPA 403 (2) appointed a guardian ad litem to protect his interests. The report filed by the guardian ad litem indicates that although he has carefully weighed the evidence and has found that there exists no reasonable legal objection to the probate of the instrument, nonetheless, the prisoner still wishes to contest the will.
The issue before the court is whether the court can accept the guardian ad litem’s recommendations over the objection of the incarcerated individual under a disability.
Traditionally, the guardian ad litem functions in two capacities. First the guardian ad litem (hereinafter GAL) is charged with the duty to diligently represent and protect the interests of his ward (SCPA 404 [3]). At the same time, however, he is to function as an arm of the court by keeping the court informed of his findings and their bearing on the overall proceeding, thereby protecting the court from inadvertently neglecting to consider the person under disability’s interests. The guardian ad litem is an officer appointed by the court to represent or otherwise look after the interests of the ward whose rights may be affected by a decree, and, as an officer of the court, is required to fully and fairly investigate and report the circumstances of the case (Matter of Ford, 79 AD2d 403 [1981]).
When the latter task is completed and the findings reveal that the ward has no legal interest that will be undermined, it is generally assumed, and rightfully so, that the ward’s interests are best served through nonparticipation in the proceeding. However, at times courts have been presented with anomalous instances in which a ward wishes to pursue litigation, notwithstanding the GAL’s determination that such a course of action will be futile (Matter of Aho, 39 NY2d 241 [1976]).
*235 In Matter of Bernice B. (176 Misc 2d 550 [1998]), the court held that a ward’s personal preferences in litigation superseded the action and findings of a GAL although the GAL had acted in the best interests of the ward. However, the court in New York Life Ins. Co. v V.K. (184 Misc 2d 727 [1999]) stressed that in many instances the ward’s incapacity is such that the decision-making authority must be left in the hands of the GAL and the court, as opposed to the ward himself, in order to adequately protect the ward’s interests. Both of these cases dealt with persons under a disability on account of some form of mental incapacity. In those instances, the GAL’s duty was to protect the interests of the wards as the wards were mentally incapable to do the same. Usually, because of their infancy or incompetency, there is no conflict between the ward and the guardian ad litem appointed to represent them.
By contrast, an incarcerated ward has all of his mental capacities but, due to his confinement, he is unable to participate in the proceedings (Stuckey, Guardians Ad Litem as Surrogate Parents: Implications for Role Definition and Confidentiality, 64 Fordham L Rev 1785 [1996]). The guardian ad litem was appointed to appear for the prisoner and represent his interests where the prisoner himself cannot (SCPA 103 [40]), being a prisoner who fails to appear under circumstances which the court finds are due to his confinement in a penal institution. His disability is only his inability to freely ambulate to the court (Estate of Uellendahl, NYLJ, Aug. 13, 1998, at 27, col 2).
Clearly, then, decisions about how and whether to proceed should be left to the ward, as he is of full mind and body. His right to pursue litigation shall not be disturbed. Even when a person is sentenced to life imprisonment, he does not lose his right to commence or defend legal actions (Civil Rights Law § 79-a).
Certainly, if Allen Joseph Gormely, Jr., would at this point petition the court to relieve the guardian ad litem and hire his own attorney, the attorney would be able to proceed with the objection of admitting the will to probate, then why should Allen Joseph Gormely, Jr., not be allowed to do the same? Although a GAL is appointed for a prisoner, he does not lose his legal rights to pursue his action.
Therefore, although the guardian ad litem appointed to represent the incarcerated has reported to the court that there exists no reasonable legal objection to probate the instrument, the prisoner’s desire to contest the probate must not be ignored.
*236 There is no motion or proceeding before this court to dismiss the objections. It is incumbent upon the petitioners to either file a motion for summary judgment to dismiss the objections filed or to proceed to trial. The incarcerated ward shall continue to be represented by a guardian ad litem.
Accordingly, discovery having been completed, a note of issue and statement of readiness should be filed.